CÁNDIDO GONZÁLEZ, Petitioner and Appellant, *v.* MUNICIPAL COURT OF RÍO PIEDRAS, Respondent and Appellee.

No. 5886.   Argued December 2, 1932.—Decided April 5, 1933.

*Angel A. Vázquez* for appellant.   *H. Torres Solá* for defendant in the main action.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

A district court issued a writ of certiorari to review the order of a municipal court dissolving an attachment and after a hearing quashed the writ. There was no ·question about the jurisdiction of the municipal court and the district court held that there was no error of procedure. In this, we think, the district court was correct.

The motion to dissolve the attachment was for want of a sufficient bond. Three days before the hearing, plaintiff filed a motion for the approval of a substitute bond attached to the motion. The municipal judge ordered that notice of the motion be given to defendant and that a day be fixed for a hearing. No notice was given and no day was fixed. After a hearing on the motion to dissolve the attachment the municipal judge took the matter under advisement and named a day on which his decision would be announced. Both parties appeared by their attorneys on that day and the judge postponed his decision to another date. On that date the attorneys for the parties again appeared and the judge named another day. On that day the parties again appeared and the judge again postponed his decision without any indication as to when it would be made. There is nothing to show that on any one of these occasions plaintiff

made any mention of his motion for approval of a proposed substitute for the original bond or asked for leave to amend the justification affidavits which defendant had challenged by his motion to dissolve the attachment. Defendant in another motion called the attention of the municipal judge to section 14 of an Act to secure the effectiveness of judgments, approved March 1, 1902 (Comp. St. 1911, section 5246), which requires an immediate decision of questions such as that raised by defendant's previous motion and requested a ruling upon that motion. The municipal judge then dissolved the attachment.

If plaintiff desired a ruling on his motion he should have proceeded in accordance with section 14, *supra,* and in accordance with the order made by the municipal judge on the filing of that motion. If he desired an opportunity to amend the affidavits in question he should have demanded such an opportunity. He can not hold such questions in ambush pending a decision of the only matter before the court and then obtain a reversal of that decision because the municipal court did not of its own initiative order or suggest an amendment of the defective affidavits.

The judgment appealed from must be affirmed.